# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2021-NMCA-044

Filing Date: August 3, 2020

No. A-1-CA-37695

**LINDSAY O'BRIEN QUARRIE,**

     Plaintiff-Appellant,

v.

**NEW MEXICO INSTITUTE OF MINING AND TECHNOLOGY, BHASKAR MAJUMDAR, LORIE LIEBROCK, KENNETH MINSCHWANER, SCOTT TEARE, DANIEL LOPEZ, and PETER GERITY, in their official and individual capacities,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Mercedes C. Murphy, District Judge**

Certiorari Denied, November 9, 2020, No. S-1-SC-38465. Released for Publication October 5, 2021.

Lindsay O'Brien Quarrie
Socorro, NM

Pro Se Appellant

Conklin, Woodcock & Ziegler, P.C.
Alisa Wigley-DeLara
Albuquerque, NM

for Appellees

## OPINION

**B. ZAMORA, Judge.**

**{1}**     Plaintiff Lindsay O'Brien Quarrie filed suit against New Mexico Institute of Mining and Technology (New Mexico Tech), Bhaskar Majumdar, Lorie Liebrock, Kenneth Minschwaner, Scott Teare, Daniel Lopez, and Peter Gerity (collectively, Defendants) seeking a declaratory judgment that a settlement agreement entered into by the parties is "void, invalid, and unenforceable." The district court dismissed Plaintiff's claim with prejudice, finding that Plaintiff failed to file his complaint within the statute of limitations. We affirm.

**BACKGROUND**

**{2}**     Plaintiff was enrolled in a Material Engineering doctoral program at New Mexico Tech between 2004 and 2012.[1] During this period, Plaintiff made progress toward obtaining his degree, but also experienced conflict with members of his doctoral committee. This conflict came to a head following Plaintiff's critique paper defense, a required element of the degree. Although Plaintiff passed the defense, members of his committee expressed concern that he was deficient in his knowledge of the discipline and that he was not yet ready to defend his dissertation. According to Defendants, Plaintiff responded to these statements by issuing threats against the members of his committee. As a consequence, Plaintiff was immediately terminated from the doctoral program. Plaintiff denied making any threats and appealed his termination but was unsuccessful in his efforts to be reinstated.

**{3}**     Plaintiff filed a civil rights complaint against Defendants with the U.S. Department of Education and the Office of Civil Rights and, eventually, filed suit in federal court. The suit was dismissed with prejudice by the federal district court, but in an effort to forestall additional litigation, Defendants proposed a settlement (the Settlement Agreement) whereby Plaintiff would agree to forgo civil action against Defendants in exchange for $6000 and Defendant's promise to permanently remove the words "TERMINATED FROM GRADUATE PROGRAM" (or any similar language) from Plaintiff's transcript, as well as from related documents in Plaintiff's academic and administrative files. As part of the Settlement Agreement, Plaintiff agreed that he would not reapply for enrollment at New Mexico Tech. The parties executed the agreement on October 8, 2015. Sometime shortly after the Settlement Agreement was executed, Defendants added the language "no degree earned" to Plaintiff's academic transcript.

**{4}**     On October 12, 2015, Plaintiff informed Defendants of his belief that Defendants violated both the spirit and the letter of the Settlement Agreement by adding the language "no degree earned," and Plaintiff unilaterally declared the Settlement Agreement null and void. Defendants refused to remove the "no degree earned" language from Plaintiff's transcript. Plaintiff reiterated these arguments in a second letter to Defendants' counsel dated October 22, after, according to Plaintiff, it "became obvious" that he had been "fraudulently induced" to enter into the Settlement Agreement

---

[1]This case stems from the same factual occurrences we recently addressed in our June 17, 2020 memorandum opinion, *Quarrie v. Board of Regents of New Mexico Institute of Mining & Technology*, No. A-1-CA-37163, mem. op. ¶¶ 2-5 (N.M. Ct. App. June 17, 2020) (non-precedential). We repeat those facts here with modifications where appropriate.

and that Defendants had "no intention of honoring" the "contract." On May 26, 2016, Plaintiff inspected his academic record and on June 30, 2016, drafted another letter to Defendants' counsel, alleging that they "failed to meet an indispensable condition precedent of the Settlement Agreement" because Defendants did not remove from his academic records, a letter from the Dean of Graduate Studies stating that Plaintiff's enrollment had been terminated from the doctoral program. Believing himself no longer bound by the Settlement Agreement, Plaintiff applied for readmission to New Mexico Tech's doctoral program on December 2, 2016, by completing and submitting an online application. Plaintiff received neither a decision on his application nor a refund of his fee. On April 18, 2018, Plaintiff filed a complaint seeking a declaratory judgment that the Settlement Agreement is "void, invalid, and thus unenforceable," based on an argument that Defendants failed to comply with the terms and promises of the Settlement Agreement. Plaintiff amended his complaint on June 4, 2018, and Defendants moved to dismiss the amended complaint, claiming that the action was barred by the two-year statute of limitations, codified as NMSA 1978, Section 37-1-23 (1976) (granting governmental entities immunity from actions based on contract, except actions based on a valid written contract and requiring that all claims be brought within two years from time of accrual). The district court granted the motion, finding that the complaint and amended complaint were untimely filed. This appeal followed.

## DISCUSSION

**{5}**     As an initial matter, Defendants' motion to dismiss does not indicate which provision of Rule 1-012 NMRA underlies Defendants' request for dismissal, but simply argues, inter alia that Plaintiff's claim is time barred by the two-year statute of limitations, codified as Section 37-1-23(B). Similarly, the district court did not specify the provision pursuant to which it granted the motion to dismiss. However, on appeal, both parties characterize the motion to dismiss as having been brought under Rule 1-012(B)(6) (failure to state a claim upon which relief can be granted)[2] and thus, we limit our analysis accordingly. We review a district court's decision to dismiss a case under Rule 1-012(B)(6) de novo. *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. This includes dismissals based on a finding of governmental immunity. *See Campos de Suenos, Ltd. v. Cty. of Bernalillo*, 2001-NMCA-043, ¶ 10, 130 N.M. 563, 28 P.3d 1104 (stating that "the application of the facts of a case to an assertion of immunity, is a legal question that we review de novo"). A motion to dismiss for failure to state a claim "tests the legal sufficiency of the complaint, not the facts that support it." *Am. Fed'n of State, Cty. & Mun. Emps. Council 18 v. State*, 2013-NMCA-106, ¶ 6, 314

---

2Defendants' motion to dismiss (at least with respect to the claims at issue in this appeal) could have been appropriately raised pursuant to Rule 1-012(B)(1) (lack of jurisdiction over the subject matter), because the motion to dismiss is premised on statutory immunity from suit. A motion to dismiss pursuant to Rule 1-012(B)(1), tests "the [district] court's jurisdiction—its very power to hear the case— . . . [and the] [district] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Valenzuela v. Singleton*, 1982-NMCA-138, ¶ 30, 100 N.M. 84, 666 P.2d 225 (internal quotation marks and citation omitted). "[T]he burden of proving jurisdictional facts is on the plaintiff." *Id.* ¶ 31. In this case, the facts at issue with respect to jurisdiction are the same facts which will determine whether Plaintiff's claim is barred. Accordingly, an analysis under either Rule 1-012(B)(1) or Rule 1-012(B)(6) proceeds in identical fashion for purposes of this case.

P.3d 674 (internal quotation marks and citation omitted). Accordingly, we accept all well-pleaded allegations of the complaint as true and resolve all doubts in favor of the sufficiency of the complaint. *See Delfino*, 2011-NMSC-015, ¶ 9.

**{6}** Plaintiff alleges that the Settlement Agreement term barring Plaintiff from re-applying for enrollment at New Mexico Tech violates public policy by racially discriminating against Plaintiff, who is African American. Plaintiff claims that this term renders the Settlement Agreement void ab initio due to its violation of public policy. Consequently, Plaintiff claims that his cause of action is not barred by the two-year statute of limitations, "[b]ecause no statute of limitations ever applies to a contract that is void ab initio[.]" In contrast, Defendants ask us to affirm the district court's dismissal, arguing that a plaintiff can only pursue an action under contract law against a governmental entity if the action is based on a valid written contract and brought within two years from the time of accrual. Defendants contend that, pursuant to Section 37-1-23, if an action based on contract is filed against a governmental entity after the two-year statute of limitations runs, it must be dismissed as a matter of law.

**{7}** In order to determine whether Plaintiff's claim is barred, we must ascertain whether Plaintiff's cause of action falls within the ambit of Section 37-1-23's grant of sovereign immunity. As we explain below, Plaintiff's declaratory judgment action is an action "based on contract" within the meaning of Section 37-1-23(A), thus, we conclude that it is barred by the statute of limitations.

## I. Section 37-1-23 Applies to Any Cause of Action Based on or Closely Related to a Contract Claim

**{8}** Section 37-1-23(A) provides that "[g]overnmental entities are granted immunity from actions based on contract, except actions based on a valid written contract." In addition, Section 37-1-23(B) limits the time in which such claims may be brought by providing that "[e]very claim permitted by this section shall be forever barred unless brought within two years from the time of accrual." When presented with a question of statutory construction, "the plain language of a statute is the primary indicator of legislative intent" and we "give the words used in the statute their ordinary meaning unless the [L]egislature indicates a different intent." *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (internal quotation marks and citations omitted). Based on the plain language of the statute, we have previously held that "[t]he purpose of Section 37-1-23(A) was to grant governmental entities *complete immunity from actions sounding in contract*." *Campos de Suenos*, 2001-NMCA-043, ¶ 13 (emphasis added). "The policy served by such a refusal to permit liability is to protect the public purse[.]" *Hydro Conduit Corp. v. Kemble*, 1990-NMSC-061, ¶ 23, 110 N.M. 173, 793 P.2d 855. Section 37-1-23(A) is not a mere defense to liability but instead an entire bar to suit, relieving the defendant from the burden of defending a trial on the merits. *See Campos de Suenos*, 2001-NMCA-043 ¶¶ 13-15; *cf. Handmaker v. Henney*, 1999-NMSC-043, ¶ 14, 128 N.M. 328, 992 P.2d 879 ("[G]overnmental immunity [under Section 37-1-23(A)] is jurisdictional in nature[.]"

(alteration in original) (quoting *Spray v. City of Albuquerque*, 1980-NMSC-028, ¶ 13, 94 N.M. 199, 608 P.2d 511)).

**{9}**     In accordance with the plain language and purpose of Section 37-1-23, New Mexico courts have held that actions touching upon questions of contract law, even those which might otherwise be characterized as seeking non-contract remedies, (such as equitable remedies), fall within the ambit of the immunity statute. In *Hydro Conduit Corp.*, a supplier for a general contractor on a public works project brought an action against the state to recover under an unjust enrichment theory in the absence of a written contract between the state and the plaintiff. 1990-NMSC-061, ¶¶ 1-2. In an attempt to avoid the immunity provided by Section 37-1-23, the plaintiff argued that his claim was not based on contract, reasoning that liability for unjust enrichment is fundamentally different from liabilities grounded in either tort or contract. *Id.* ¶¶ 5, 18. Our Supreme Court noted that it had "no disagreement with the scholarly view that restitution for unjust enrichment constitutes an independent basis for recovery in a civil-law action" but nevertheless rejected the plaintiff's argument. *Id.* ¶ 19.

> [E]ven though an action for unjust enrichment is not "based on contract" in a strict theoretical sense, it is so closely related to an action which *is* so based that the immunity statute here, Section 37-1-23, should be construed to extend immunity to an unjust enrichment claim as well as to a claim founded on a true, but unwritten, contract. In so construing our statute, we refer once again to its purpose, which we have found was to reinstate sovereign immunity as to this type of claim.

*Id.* ¶ 22 (footnote omitted). Pursuant to this guidance, we reiterate that Section 37-1-23(A) applies to any cause of action based on contract or "closely related to an action which *is* so based." *Hydro Conduit Corp.*, 1990-NMSC-061, ¶ 22. Consequently, Section 37-1-23(B)'s two-year statute of limitations applies to all causes of action which fall within this interpretation.[3]

## II.      Plaintiff's Cause of Action Is Based on Contract and Barred by the Statute of Limitations Against All Defendants

---

[3]We acknowledge that our Supreme Court has interpreted Section 37-1-23 more broadly in employment cases, holding that an implied employment contract may arise from written terms set forth in a personnel policy or employee handbook. *See Garcia v. Middle Rio Grande Conservancy Dist.*, 1996-NMSC-029, ¶¶ 11, 14, 121 N.M. 728, 918 P.2d 7. Outside of the employment context however, New Mexico courts have declined to read exceptions into Section 37-1-23's requirement that contract actions against a governmental entity be both based on a written contract and filed within two years of accrual. *See, e.g.*, *Ruegsegger v. Bd. of Regents of W. N.M. Univ.*, 2007-NMCA-030, ¶ 22, 141 N.M. 306, 154 P.3d 681 (holding that a university student failed to state a valid claim for breach of contract sufficient to waive governmental immunity based upon the language of a student handbook in the absence of a written contract"); *Campos de Suenos*, 2001-NMCA-043, ¶ 1 (declining to recognize an implied in fact contract between the seller of a privately owned sports facility and a county in the absence of a written contract). Here too, we decline to interpret this statute in a manner incongruent with its express language and judicially interpreted legislative purpose.

**{10}** Plaintiff's declaratory judgment action seeks an interpretation of a settlement agreement against a governmental entity. *See* N.M. Const. art. XII, § 11 (recognizing New Mexico Tech as a state educational institution). We have unequivocally held that "[a]ll settlement agreements are contracts and therefore are subject to contract law[.]" *Herrera v. Herrera*, 1999-NMCA-034, ¶ 9, 126 N.M. 705, 974 P.2d 675. In addition, contract law applies to Plaintiff's claim that the Settlement Agreement violates public policy. *See* UJI 13-835 NMRA (applying contract law to the question of whether a contract violated public policy). Plaintiff's request for a ruling declaring the Settlement Agreement void ab initio, is ipso facto, a question of contract law because it seeks a determination regarding whether or not a contract exists. *See Corum v. Roswell Senior Living, LLC*, 2010-NMCA-105, ¶ 3, 149 N.M. 287, 248 P.3d 329 ("The question of whether a valid contract . . . exists is a question of contract law."). For these reasons, we conclude that Plaintiff's complaint is an action "based on contract" subject to the two-year statute of limitations set forth in Section 37-1-23(B). *Hydro*, 1990-NMSC-061, ¶ 22. Plaintiff's characterization of his action as one for declaratory judgment (sometimes considered an equitable remedy), as opposed to an action for enforcement or breach, does not exempt his claims outside of the statute of limitations. *See Taylor v. Lovelace Clinic*, 1967-NMSC-234, ¶ 6, 78 N.M. 460, 432 P.2d 816 (holding that statutes of limitation apply to declaratory judgment actions); *Jones v. Augé*, 2015-NMCA-016, ¶ 69, 344 P.3d 989 (noting that a declaratory judgment action may sound in either law or equity when applied to issues of contract); *see also Hydro Conduit Corp.*, 1990-NMSC-061, ¶ 23 (barring even causes of action not based on contract in a strict theoretical sense, if they are closely related to an action which is so based). To construe Plaintiff's cause of action as exempt from Section 37-1-23 merely because it seeks a declaratory judgment would be contrary to both the plain language of Section 37-1-23 and the Legislature's intent in enacting it.

**{11}** Plaintiff further argues that the statute of limitations is inapplicable with respect to the individual Defendants because Plaintiff could amend his complaint to assert a waiver of sovereign immunity pursuant to Title VI of the Civil Rights Act of 1964 and *Ex Parte Young*, 209 U.S. 123, 167 (1908) (allowing injunctions against officials acting on behalf of states despite the state's sovereign immunity). We disagree. Plaintiff did not raise this argument below, and it is accordingly not preserved. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)). While Plaintiff's amended complaint alleges that certain individual Defendants made disparaging remarks to Plaintiff on the basis of his race, he never argued that the district court should impose personal liability on the individual Defendants for actions taken under color of state law as a part of their government work. Instead, Plaintiff unambiguously alleges that the individual Defendants are existing or former employees of New Mexico Tech, and characterizes them as acting in their official capacities. Because Plaintiff failed to preserve this argument below, we decline to address it on appeal.

### III.     Plaintiff's Complaint Was Filed After the Statute of Limitations Applicable to His Contract Action Had Already Run

**{12}**     Having determined that Section 37-1-23(A) applies to Plaintiff's cause of action as against all Defendants, we now review the facts to determine whether Plaintiff's suit was filed within Section 37-1-23(B)'s two-year statute of limitations. We conclude that it was not.

**{13}**     A cause of action accrues for statute of limitations purposes on the date of discovery of the cause of action. *See Cummings v. X-Ray Assocs. of N.M., P.C.*, 1996-NMSC-035, ¶ 47, 121 N.M. 821, 918 P.2d 1321. For purposes of Section 37-1-23, an action accrues when "the claimant discovers, or in the exercise of reasonable diligence should have discovered" facts forming the basis of the breach or cause of action. *Howse v. Roswell Indep. Sch. Dist.*, 2008-NMCA-095, ¶ 17, 144 N.M. 502, 188 P.3d 1253 (internal quotation marks and citation omitted).

**{14}**     Plaintiff argues that separate accrual dates apply to what he characterizes as distinct violations pled in his amended complaint. Plaintiff argues that at least some of his claims accrued on May 26, 2016, when he first inspected his full academic record and found a letter from the dean of graduate studies containing the language "your enrollment in [New Mexico Tech's] graduate program is hereby terminated." In contrast, Defendants argue that Plaintiff's claims accrued on October 12, 2015, when Plaintiff first alleged that Defendants violated the Settlement Agreement by adding the language "No Degree Earned," and Plaintiff unilaterally declared the Settlement Agreement null and void.

**{15}**     In his October 12, 2015 letter, Plaintiff informed Defendants that they "were in violation of both the spirit and the letter of the Settlement Agreement, which Plaintiff therefore pronounced forever null and void." In addition, Plaintiff sent a second letter to Defendants on October 22, 2015, after it "became obvious" that he had been "fraudulently induced" to enter the Settlement Agreement and that Defendants had "no intention of honoring" the "contract." Moreover, Plaintiff was aware of the Settlement Agreement term barring him from readmission by at least October 8, 2015, when he executed the Settlement Agreement. Accordingly, we hold that Plaintiff's claim accrued in October 2015. Plaintiff's statements alleging fraud and proclaiming the nullity of the Settlement Agreement, when coupled with his knowledge of the Settlement Agreement provision barring his readmission, clearly indicate that Plaintiff discovered the facts used to support his argument that the Settlement Agreement is void in October 2015. The fact that Plaintiff discovered additional related facts supporting his argument by reviewing his academic record months after he first discovered his cause of action does not alter our analysis. Plaintiff did not file his first complaint until April 18, 2018, more than two years after discovery of the facts forming the basis of his cause of action. Plaintiff can prove no set of facts that would entitle him to relief because the facts as alleged lead to the conclusion that Plaintiff's claims are barred by Section 37-1-23's two-year statute of limitations and its attendant immunity from suit. Accordingly, we affirm the district court's ruling dismissing Plaintiff's suit. Having concluded that Plaintiff's

contract-based cause of action is barred by the statute of limitations, we need not reach the issue of whether the Settlement Agreement is void ab initio.

**CONCLUSION**

**{16}** For the foregoing reasons, we affirm.

**{17}  IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**