This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39156**

**SHEILA ORTEGO MCLAUGHLIN,**

Plaintiff-Appellant,

v.

**SANTA FE COMMUNITY COLLEGE and THE SANTA FE COMMUNITY COLLEGE GOVERNING BOARD,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Court Judge**

Atler Law Firm, P.C.
Jazmine J. Johnston
Timothy J. Atler
Albuquerque, NM

for Appellant

Coppler Law Firm, P.C.
Gerald A. Coppler
John L. Appel
Santa Fe, NM

for Appellees

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** Plaintiff Sheila Ortego McLaughlin filed suit against Santa Fe Community College (Defendant or the College) and its Board of Directors (collectively, Defendants) for breach of contract, breach of the implied covenant of good faith and fair dealing, and

promissory estoppel. The district court dismissed Plaintiff's claims, finding that Plaintiff failed to file her complaint within the statute of limitations set forth in NMSA 1978, Section 37-1-23(B) (1976), and the complaint failed to state a claim upon which relief could be granted. We conclude that the discovery rule applied to Plaintiff's claims, resolution of the discovery rule's application to the facts of this case is for the jury, and Plaintiff sufficiently pleaded the asserted claims. We therefore reverse and remand.

## BACKGROUND

{2}     We set forth the facts as pleaded in Plaintiff's amended complaint. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 2021-NMCA-044, ¶ 5, 495 P.3d 645 (observing that a motion to dismiss "tests the legal sufficiency of the complaint, not the facts that support it" and for purposes of our review, "we accept all well-pleaded allegations of the complaint as true and resolve all doubts in favor of the sufficiency of the complaint" (internal quotation marks and citations omitted)). Plaintiff was employed by the College, a state educational institution, as its president from 2006 to 2012. On August 31, 2012, Plaintiff ended her employment contract with the College and retired with a monthly lifetime retirement benefit, as provided by the New Mexico Educational Retirement Act (ERA) (NMSA 1978, §§ 22-11-1 to -55) (1967, as amended through 2023). The amount of the benefit was calculated by the New Mexico Educational Retirement Board (ERB) based on Plaintiff's retirement contributions as reported to ERB by the College's payroll manager throughout Plaintiff's employment.

{3}     After Plaintiff retired, the College sent to ERB a "reconciliation and transfer report," which reported a lower earnings amount for Plaintiff than had been originally transmitted. In early 2013, apparently based on the College's reconciliation and transfer report, ERB reduced Plaintiff's benefit. Plaintiff asked the College to correct the issue with ERB. The College submitted a corrected report, but ERB nevertheless requested that the College revise downward Plaintiff's eligibility withholdings for the entire six years she was employed as the College's president, which ultimately reduced Plaintiff's retirement benefit. On August 25, 2014, ERB informed Plaintiff that her monthly retirement benefit would be permanently reduced due to the College's errors in calculating and reporting her salary for her entire term as president of the College.

{4}     Plaintiff sued Defendants on December 1, 2015, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim under Rule 1-012(B)(6) NMRA and asserted both that Plaintiff's claims were barred by the two-year statute of limitations found in Section 37-1-23(B) and that Plaintiff could prove no set of facts to support the pleaded claims. The district court granted Defendants' motion on both grounds. Plaintiff appeals.

## DISCUSSION

{5}     "We review a district court's decision to dismiss a case under Rule 1-012(B)(6) de novo." *Quarrie*, 2021-NMCA-044, ¶ 5. We observe the familiar rule that "a motion to

dismiss should be granted only where it appears that plaintiff can neither recover nor obtain relief under any state of facts provable under the claim." *Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 44, 140 N.M. 111, 140 P.3d 532 (internal quotation marks and citation omitted). To that end, "if there is any possibility that disputed facts might be relevant to the ultimate disposition of a case, a court should be exceedingly cautious in dismissing the case before discovery has occurred." *Id.* ¶ 45. With these standards in mind, we first determine that the discovery rule applies to Plaintiff's claims, apply that rule, and hold that disputed facts prevented dismissal based on the statute of limitations. Second, we conclude that Plaintiff satisfied the notice-pleading standard for the claims brought against Defendants.

## I.      Plaintiff's Allegations, if Proved, Would Successfully Invoke the Applicable Discovery Rule and Defeat a Statute of Limitations Defense

**{6}**     Defendants maintain, and Plaintiff does not contest, that Plaintiff's claims are subject to the two-year statute of limitations set forth in Section 37-1-23(B). Thus, because Plaintiff's original complaint was filed on December 1, 2015, the claims are all barred if they accrued before December 1, 2013. Plaintiff argues that the claims did not accrue until she discovered or should have discovered the facts forming the basis for the claims. We agree.

**{7}**     As Plaintiff points out on appeal, contrary to Defendants' assertions, we determined in *Quarrie* that the "discovery rule" applies to the statute of limitations set forth in Section 37-1-23(B). *See Quarrie*, 2021-NMCA-044, ¶ 13 (holding that "[a] cause of action accrues for statute of limitations purposes on the date of discovery of the cause of action [and f]or purposes of Section 37-1-23, an action accrues when the claimant discovers, or in the exercise of reasonable diligence should have discovered facts forming the basis of the breach or cause of action" (internal quotation marks and citations omitted)). We therefore look to Plaintiff's amended complaint and response to Defendants' motion to dismiss in order to establish whether Plaintiff properly invoked the application of the discovery rule. *See Butler*, 2006-NMCA-084, ¶ 1 (holding that a plaintiff must adequately plead, or argue in response to a motion to dismiss, the application of the discovery rule).

**{8}**     In *Butler*, we held that a plaintiff must respond to a motion to dismiss on the ground that a claim is time-barred "with general factual allegations that, if proved, would successfully defeat the statute of limitations defense." *Id.* Well-pleaded allegations can either be asserted in a plaintiff's complaint, or in a response to a motion to dismiss and "are to be taken as true, and great specificity is not required" to meet this "modest burden." *Id.* ¶ 28. In the present case, Defendants argue that the complaint was untimely because the statute of limitations began to run no later than August 2013, when Plaintiff received notification from ERB of changes in her retirement benefit.

**{9}**     As explained above, however, a plaintiff need only put forward, either in the complaint or in the response to the motion to dismiss, allegations that would successfully defeat a statute of limitations defense. *Id.* ¶ 1. Plaintiff alleged that it was

not until August 25, 2014, when she received ERB's audit report, that she discovered ERB attributed the reduction in her retirement benefits to the College's faulty reporting. As a result, factual disputes exist as to when Plaintiff became aware of—or reasonably should have been aware of—the facts underlying the claims against Defendants. *See Williams v. Stewart*, 2005-NMCA-061, ¶ 16, 137 N.M. 420, 112 P.3d 281 ("Historically, the courts of this state have characterized the application of the discovery rule as a jury question, particularly when conflicting inferences may be drawn."); *see also Brown v. Behles & Davis*, 2004-NMCA-028, ¶¶ 12, 18, 135 N.M. 180, 86 P.3d 605 (observing that the application of the discovery rule is generally a question of fact and holding that whether a reasonable person would have searched county records and discovered the basis for a legal malpractice claim is a question for the jury). If proved, Plaintiff's allegation about when she discovered the claims would defeat Defendants' statute of limitations defense. *See Butler*, 2006-NMCA-084, ¶ 1. Accordingly, we reverse the district court's ruling that Plaintiff's claims were barred as a matter of law by the statute of limitations.

## II.    Plaintiff's Complaint States a Claim for the Pleaded Causes of Action

{10}    Alternatively, Defendants argue that the district court properly granted the motion to dismiss because Plaintiff's amended complaint failed to state claims upon which relief could be granted. To review the district court's grant of Defendants' motion to dismiss, "we must only decide whether [the plaintiff's] complaint contains sufficient allegations to give the [defendant] fair notice of the claims asserted so that the [defendant] could adequately respond to the complaint." *See Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶ 15, 283 P.3d 871. This is because "New Mexico is a notice-pleading state" and "our appellate courts have never required [district] courts to consider the merits of a plaintiff's allegations when deciding a motion to dismiss." *Id.* ¶ 17; *see also Garcia v. Coffman*, 1997-NMCA-092, ¶ 11, 124 N.M. 12, 946 P.2d 216 ("Under our rules of notice pleading, it is sufficient that defendants be given only a fair idea of the nature of the claim asserted against them sufficient to apprise them of the general basis of the claim." (internal quotation marks and citation omitted)). We separately consider each of the three counts alleged in the amended complaint: breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel.

### A.    Plaintiff's Amended Complaint Sufficiently States a Claim for Breach of Contract

{11}    In order to establish a breach of contract claim, a party must show that (1) there was a contractual obligation; (2) the opposing party breached the contract; and (3) the breach resulted in damages. *See Cent. Mkt., Ltd., Inc. v. Multi-Concept Hosp., LLC*, 2022-NMCA-021, ¶ 38, 508 P.3d 924. The parties primarily dispute the first element, the existence of a contractual obligation. The amended complaint alleges that "[t]he [employment] contract included an obligation that Defendants would accurately report Plaintiff's remuneration information to the ERB" and more precisely, that "[a]s part of that contract, [the College's] staff was responsible for reporting to the ERB accurate eligible state retirement earnings; for withholding appropriate retirement contributions of

Plaintiff; and for transferring appropriate withheld contributions to the ERB." To establish the sufficiency of the complaint, Plaintiff points directly to Section 9(C) of the initial employment agreement, stating that Plaintiff "shall be entitled to participate in the New Mexico [ERA] in the same manner and with the same options as all other full time employees of the College." *See Ruegsegger v. W. N.M. Univ. Bd. of Regents*, 2007-NMCA-030, ¶ 41, 141 N.M. 306, 154 P.3d 681 (merging documents into the pleadings where the claims are dependent on the terms of those documents in a breach of contract action). Plaintiff maintains that the contract "incorporates [the] duties identified by the [ERA]" in Section 22-11-22(A).

{12} Defendants do not disagree that the provisions of the ERA govern the College's employee retirement program but contend that the calculations and adjustments were made solely by ERB and not the College, and the ERA does not create a contractual obligation for the College to accurately report to ERB. In contract construction, however, "the law favors a reasonable rather than unreasonable interpretation." *State ex rel. Udall v. Colonial Penn Ins. Co.*, 1991-NMSC-048, ¶ 30, 112 N.M. 123, 812 P.2d 777 (interpreting a contract to obligate the parties to act in accordance with the law in order to avoid rendering the contract unenforceable).

{13} The contract between Plaintiff and the College necessarily incorporates the ERA, which is the relevant law and is explicitly referred to in the agreement. *See id.* ("A contract incorporates the relevant law, whether or not it is referred to in the agreement."). The ERA obligates the College to deduct contributions and report income to the ERB: "[c]ontributions shall be deducted from the salaries of members by the local administrative units as the salaries are paid. These contributions shall be forwarded monthly to the director for deposit in the fund." Section 22-11-22(A). Local administrative units are required to "record and certify . . . an itemized account of the contributions paid by each member and the local administrative unit." Section 22-11-22(C). The ERA defines a "local administrative unit" as "an employing agency however constituted that is directly responsible for the payment of compensation for the employment of members or participants." Section 22-11-2(D). Thus, the ERA required the College, as the local administrative unit, to deduct, report, and account for Plaintiff's contributions as a "participant." *See* § 22-11-2(W) (defining "participant"). To the extent that the College disclaims any contractual or statutory obligation for the deductions, reports, and accountings to be accurate, we are unpersuaded. *See State ex rel. Udall*, 1991-NMSC-048, ¶ 30 (favoring "a reasonable rather than unreasonable interpretation" of a contract).

{14} The remaining two elements of a breach of contract claim were also adequately pleaded. The amended complaint alleged the second element, breach, as follows: "Defendants breached their contract with Plaintiff by failing to accurately report information to the ERB." As to the final element, damages, Plaintiff alleged that "Plaintiff has suffered, and will continue to suffer damages as a result of Defendants' breach of contract between Defendants and Plaintiff." Based on these allegations, we conclude that the amended complaint sufficiently states a claim for breach of contract against Defendants.

**B. Plaintiff's Amended Complaint Sufficiently States a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing**

**{15}** A claim for breach of the implied covenant of good faith and fair dealing "requires a showing of bad faith or that one party wrongfully and intentionally used the contract to the detriment of the other party." *Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 1993-NMSC-039, ¶ 64, 115 N.M. 690, 858 P.2d 66; *see also* UJI 13-832 NMRA (requiring the plaintiff to prove that the defendant "acted in bad faith in [performing] the contract or wrongfully and intentionally used the contract to harm [the plaintiff]"). Plaintiff's ten-page amended complaint provides a fairly detailed account of the facts leading up to and including Plaintiff's retirement from the College as well as the alleged reporting errors and communications with Defendants about how to work with ERB to resolve the dispute. Plaintiff alleged that after retirement, the College sent a reconciliation report to ERB that reported lower earnings for Plaintiff, did not notify Plaintiff of the reconciliation, and the College knew of errors but took no action to correct them. Along these lines, the amended complaint states that the chair of the board of the College, in the midst of sorting through the errors and their impact, told Plaintiff that she "should be able to handle a cut in retirement benefits." The amended complaint specifically asserts that the contract between Plaintiff and the College contains an implied covenant of good faith and fair dealing and that Plaintiff was denied the benefit of the agreement because of Defendant's alleged failure to "satisfy its obligation under the contract." Plaintiff alleged that "Defendants' actions were in bad faith, were wrongful, and showed indifference such that Plaintiff has been permanently harmed by Defendants' breach" of the covenant. These allegations are sufficient to give adequate notice to Defendants of the legal claims that Plaintiff asserted. *See Madrid*, 2012-NMCA-071, ¶ 19.

**{16}** Defendants argue that Plaintiff did not allege facts to support bad faith, but only negligence, and therefore failed to state a claim for breach of the covenant of good faith and fair dealing. Though many of Plaintiff's factual allegations allude to or specifically invoke negligent conduct, at this stage, we look only to whether the pleadings were sufficient to give notice to Defendants of Plaintiff's claims. *See id.* Plaintiff alleged negligent conduct and also directly alleged Defendants both knew about and acted in bad faith regarding reporting errors. For the purposes of the motion to dismiss, Plaintiff sufficiently alleged a claim for breach of the implied covenant of good faith and fair dealing. *See Jaynes v. Strong-Thorne Mortuary, Inc.*, 1998-NMSC-004, ¶ 13, 124 N.M. 613, 954 P.2d 45 ("Although negligent conduct is not sufficient to constitute a breach of the covenant, affronts where the breaching party is consciously aware of, and proceeds with deliberate disregard for, the potential harm to the other party are sufficient." (internal quotation marks and citations omitted)).

**C. Plaintiff's Amended Complaint Sufficiently States a Claim for Promissory Estoppel**

**{17}** Our Supreme Court has set forth the elements of promissory estoppel as follows:

(1) [a]n actual promise must have been made which in fact induced the promisee's action or forbearance; (2) [t]he promisee's reliance on the promise must have been reasonable; (3) [t]he promisee's action or forbearance must have amounted to a substantial change in position; (4) [t]he promisee's action or forbearance must have been actually foreseen or reasonably foreseeable to the promisor when making the promise; and (5) Enforcement of the promise is required to prevent injustice.

*Strata Prod. Co. v. Mercury Expl. Co.*, 1996-NMSC-016, ¶ 20, 121 N.M. 622, 916 P.2d 822. Defendants challenge the first element and argue that the amended complaint "fails even to allege an actual promise to [Plaintiff] by [Defendants] that she would receive any particular dollar amount of income as her retirement compensation." Plaintiff maintains, however, that the promise was a promise to report accurately to ERB and to withhold the appropriate contributions. The amended complaint adequately alleged this contention: "As part of the contract, [the College's] staff was responsible for reporting to the ERB accurate eligible state retirement earnings; for withholding appropriate retirement contributions of Plaintiff; and for transferring appropriate withheld contributions to the ERB."

**{18}** Plaintiff additionally adequately pleaded the remaining elements of promissory estoppel. Plaintiff alleged a contractual basis, and later incorporated a statutory duty, for believing that Defendants would accurately report earnings and withhold contributions. *See id.* (identifying the second element as reasonable reliance on the promise). As to the third element, a substantial change in position, the amended complaint alleges that as "a consequence of" the information received from ERB—that was based on Defendants' representations to ERB—she decided to retire early and forgo the last three years of her multi-year employment contract with the College. *See id.* Plaintiff's amended complaint also satisfies the fourth element, foreseeability, *see id.*, because it alleges that ERB confirmed the amount of Plaintiff's retirement benefit based on the College's salary reports and "Defendants' representations constituted a promise to the Plaintiff which the Defendants should have reasonably expected would induce an action or forbearance by Plaintiff." As to the fifth and final element, injustice, *see id.*, Plaintiff's amended complaint alleges that "[t]he actions and statements of Defendant[s'] agents and employees constituted a shocking degree of aggravated and overreaching conduct [and i]njustice can be avoided only by awarding damages to Plaintiff that would place her in the position she would be in had Defendants kept their promises." In sum, taking all of these allegations as true, Plaintiff's amended complaint states a claim upon which relief could be granted for promissory estoppel against Defendants.

## CONCLUSION

**{19}** For the foregoing reasons, we reverse the district court's order dismissing Plaintiff's amended complaint.

**{20}  IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**