This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40797

**FOUR WINDS BEHAVIORAL HEALTH, INC.,**

Plaintiff-Appellant,

v.

**STATE OF NEW MEXICO and NEW MEXICO HUMAN SERVICES DEPARTMENT,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Bryan J. Davis, Attorney at Law, LLC
Bryan J. Davis
Albuquerque, NM

for Appellant

New Mexico Health Care Authority
John R. Emery, Deputy General Counsel
Santa Fe, NM

for Appellees

### MEMORANDUM OPINION

**BLACK, Judge Pro Tem.**

**{1}**     Plaintiff appeals the district court's grant of summary judgment in favor of Defendant, the New Mexico Department of Human Services (HSD), based on expiration of the statute of limitations. Plaintiff argues that the two-year statute of limitations for suits on government contracts, *see* NMSA 1978, § 37-1-23(B) (1976), was tolled by the savings statute, NMSA 1978, Section 37-1-14 (1880). Because Section 37-1-14 does

not apply to actions brought against the state under Section 37-1-14, *see Gathman-Matotan Architects & Planners, Inc. v. N.M. Dep't of Fin. & Admin.* (*G-M Architects*), 1990-NMSC-013, ¶ 4, 109 N.M. 492, 787 P.2d 411, and Plaintiff preserved no alternative issue involving equitable tolling, we affirm.

## BACKGROUND

**{2}** Plaintiff alleged the following facts in the complaint. Plaintiff provides behavioral health services to New Mexico Medicaid recipients through contracts with the HSD. In April 2017, HSD approved Plaintiff's application to provide intensive outpatient services (IOP), consisting of nonresidential psychological treatment addressing mental health and substance abuse disorders. Plaintiff understood that reimbursement for services would be based on fifteen-minute units. However, on December 26, 2017, HSD issued to the managed care organizations administering the Medicaid program a letter of direction (LOD), which stated that IOP services should be reimbursed in one-hour units rather than fifteen-minute units at the same dollar amount per unit.

**{3}** On March 14, 2018, Plaintiff filed suit against HSD in federal district court (the Federal Suit) asserting claims for equitable estoppel and detrimental reliance and seeking a declaratory judgment concerning whether HSD and the State of New Mexico had legal authority to change the IOP reimbursement rates. On August 14, 2019, Plaintiff filed a notice of voluntary dismissal of the Federal Suit without prejudice.

**{4}** Plaintiff then initiated the instant suit in state district court on February 13, 2020, asserting claims for breach of contract and declaratory judgment. HSD filed a motion to dismiss in which it asserted that Plaintiff's claims were barred by Section 37-1-23(B) (imposing a two-year statute of limitations on claims based on a written contract with a governmental entity). *See also* § 37-1-23(A) (stating that "[g]overnmental entities are granted immunity from actions based on contract, except actions based on a valid written contract"). Plaintiff responded that the statute of limitations was tolled under Section 37-1-14, New Mexico's savings statute, during the time the Federal Suit was pending in the federal court. *See id.* (providing that the commencement of a second suit within six months after the original suit fails is deemed a continuation of the first). HSD failed to appear at the hearing, and the district court denied the motion to dismiss.

**{5}** Nearly a year later, HSD filed a motion for summary judgment "and/or" for dismissal under Rule 1-012(B)(6) NMRA. In its reply, HSD again argued that Plaintiff's claims were barred by Section 37-1-23(B). HSD also argued that the statute of limitations was not tolled under Section 37-1-14 because Plaintiff had been negligent in prosecuting the Federal Suit. *See Zangara v. LSF9 Master Participation Tr.*, 2024-NMSC-021, ¶ 1, 557 P.3d 111 (holding that "[t]he savings statute suspends the running of an otherwise applicable statute of limitations when an action is timely commenced but later dismissed for any cause except negligence in prosecution" and equating "negligence in its prosecution" with "dismissal for failure to prosecute"). After Plaintiff filed a supplemental response to the summary judgment motion and a hearing, the district court entered an order granting HSD's motion for summary judgment finding that

the two-year statute of limitations on claims against a governmental entity based on contract had run. Plaintiff appeals.

**DISCUSSION**

**{6}** We review orders granting motions for summary judgment de novo. *See Delfino v. Griffo*, 2011-NMSC-015, ¶ 10, 150 N.M. 97, 257 P.3d 917. "To the extent we must construe the applicable statutes, our review is de novo." *Romero v. Lovelace Health Sys., Inc.*, 2020-NMSC-001, ¶ 11, 455 P.3d 851.

**{7}** In *G-M Architects*, our Supreme Court held that Section 37-1-14 does not apply to actions subject to the two-year statute of limitations of Section 37-1-23 for suits against a government agency based on contract. *G-M Architects*, 1990-NMSC-013, ¶¶ 3-4. The district court did not explain its ruling beyond asserting that no genuine issue of fact existed as to the expiration of the statute of limitations, though at the least, the district court rejected Plaintiffs' argument that the tolling provision of Section 37-1-14 applied. Plaintiff argues in part on appeal that the district court erred in granting summary judgment, focusing on whether the district court properly determined that it was negligent in its prosecution of the Federal Suit. However, Section 37-1-14 does not apply to Appellant's action for breach of contract against HSD in any case, and we will affirm the district court if it is right for any reason. *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 ("This Court may affirm a district court ruling on a ground not relied upon by the district court, but will not do so if reliance on the new ground would be unfair to appellant." (alteration, internal quotation marks, and citation omitted)).

**{8}** "Under the right for any reason doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." *Jones v. N.M. Dep't of Pub. Safety*, 2020-NMSC-013, ¶ 27, 470 P.3d 252 (internal quotation marks and citation omitted). Accordingly, we hold that, irrespective of whether Plaintiff was negligent in prosecuting the Federal Suit, the statute of limitations on Plaintiff's claim for breach of contract was not tolled under Section 37-1-14's savings clause. *Alexander v. S.C. State Conf. of NAACP*, 602 U.S. 1, 18 (2024) ("'[I]f [a] trial court bases its findings upon a mistaken impression of applicable legal principles, the reviewing court is not bound by the clearly erroneous standard.'" (quoting *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 855 n.15 (1982))).

**{9}** We also hold that Section 37-1-14 does not apply to Plaintiff's claim for declaratory judgment. Even where an action is characterized as for declaratory judgment rather than as an action based on contract, the two-year statute of limitations set out in Section 37-1-23(B) still applies. In *Quarrie v. New Mexico Institute of Mining and Technology*, 2021-NMCA-044, 495 P.3d 645, we held that the plaintiff's action for declaratory judgment was subject to the limitations period set out in Section 37-1-23(B) where the declaratory judgment action was seeking an interpretation of a settlement agreement against a governmental agency. *Quarrie*, 2021-NMCA-044, ¶¶ 9-10. Noting

that settlement agreements are contracts and are subject to contract law, *id.* ¶ 10, we held that "Section 37-1-23(A) applies to any cause of action based on contract or closely related to an action which is so based." *Id.* ¶ 9 (emphasis, internal quotation marks, and citation omitted).

**{10}** Plaintiff's declaratory judgment claim is based on its assertion that "[t]here is a dispute between the parties about whether IOP services are reimbursable as [one] hour or [fifteen] minute units and whether LOD 71 was a legal exercise of HSD's power to change the rates for IOP services after contracting with Plaintiff." The complaint alleges the same facts for breach of contract as for declaratory judgment and asks the district court to determine that HSD did not have authority to change the IOP rates because it had contracted with Plaintiff for different rates. Resolution of the claim for declaratory judgment would therefore require the district court to determine whether a valid contract existed between the parties. *See Quarrie*, 2021-NMCA-044, ¶¶ 9-10; *see also Corum v. Roswell Senior Living, LLC*, 2010-NMCA-105, ¶ 3, 149 N.M. 287, 248 P.3d 329 ("The question of whether a valid contract . . . exists is a question of contract law."). Accordingly, we hold that Plaintiff's claim for declaratory judgment was subject to Section 37-1-23(B) as an action based on a valid written contract with a governmental agency, and was therefore not tolled under Section 37-1-14. *See Quarrie*, 2021-NMCA-044, ¶¶ 9-10; *G-M Architects*, 1990-NMSC-013, ¶¶ 3-4.[1]

**{11}** Plaintiff appears to acknowledge that Section 37-1-14 does not apply to government contracts and instead argues that HSD failed to preserve the issue of the limited application of Section 37-1-14 and that equitable tolling is "essentially a mirror image of Section 37-1-14" and "the analysis is the same as if Section 37-1-14 applied." We disagree.

**{12}** First, the burden of preservation was on Plaintiff, not HSD. *See Medina v. Medina*, 2006-NMCA-042, ¶ 16, 139 N.M. 309, 131 P.3d 696 ("[A]n appellee is generally not required to preserve arguments that support the [district] court's decision because we will affirm if the [district] court was right for any reason."). HSD clearly raised the statute of limitations defense at several stages in the litigation, and Plaintiff was afforded opportunities to present its arguments below regarding why the two-year limitations period set out in Section 37-1-23(B) should not be applied. Plaintiff chose to

---

[1]Plaintiff's appeal may be unavailing for another reason. Plaintiff's complaint for breach of contract alleged that HSD breached the contract by changing the reimbursement rates via the issuance of the LOD on December 26, 2017. Plaintiff further alleges that it learned of the LOD on January 25, 2018. Therefore, Plaintiff's causes of action accrued, and were barred under Section 37-1-23(B), if not brought by January 25, 2020. *See Quarrie*, 2021-NMCA-044, ¶ 13 (holding that "[a] cause of action accrues for statute of limitations purposes on the date of discovery of the cause of action [and f]or purposes of Section 37-1-23, an action accrues when the claimant discovers, or in the exercise of reasonable diligence should have discovered facts forming the basis of the breach or cause of action" (internal quotation marks and citations omitted)). *But see Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 1, 140 N.M. 111, 140 P.3d 532 (holding that a plaintiff must adequately plead, or argue in response to a motion to dismiss, the application of the discovery rule). Plaintiff voluntarily dismissed the Federal Suit on August 14, 2019, before the January 25, 2020 statute of limitations expired. Plaintiff, nevertheless, did not file its complaint in this matter until February 13, 2020. Thus, the Federal Suit, albeit between different parties and alleging different claims, may be irrelevant.

rely solely on an inapplicable statutory tolling provision, but nothing precluded Plaintiff from arguing that equitable principles should also or alternatively be applied to toll the statute of limitations.

**{13}**    Under these circumstances, when all facts relevant to the inapplicability of Section 37-1-14 were before the district court, the right for any reason doctrine is properly applied. *Compare Freeman v. Fairchild*, 2018-NMSC-023, ¶ 34, 416 P.3d 264 (concluding that application of the right for any reason doctrine would be unfair where the party did not have an opportunity to substantiate their claim or controvert facts), *and Paz v. Tijerina*, 2007-NMCA-109, ¶ 25, 142 N.M. 391, 165 P.3d 1167 (stating that application of the right for any reason doctrine would be unfair where it would affirm on fact-dependent grounds not found by the district court), *with Jones*, 2020-NMSC-013, ¶ 27 ("Under the right for any reason doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)). It is not unfair to Plaintiff to apply the right for any reason doctrine here because (1) Plaintiff had notice below that the statute of limitations was at issue; and (2) affirming the district court does not require us to look beyond the factual allegations relevant to the applicability of the tolling provision that were raised and considered by the district court. *See id.*

**{14}**    Second, Plaintiff argues that the analysis for equitable tolling is the same as the analysis under the savings statute, citing *G-M Architects*, and urges this Court to hold that equitable tolling prevents dismissal of this case. Our Supreme Court in *G-M Architects*, however, did not equate equitable tolling with the savings statute. 1990-NMSC-013, ¶ 13. The Court recognized the "general principle that the filing of a complaint ordinarily tolls the applicable limitations period" and observed that "[i]n this respect, New Mexico has adopted an 'equitable' or nonstatutory tolling principle alongside the statutory tolling provisions," which include Section 37-1-14. *G-M Architects*, 1990-NMSC-013, ¶ 13. While the *G-M Architects* Court determined that nonstatutory tolling would be subject to the same exceptions as statutory tolling— negligence in the prosecution—the Court did not define equitable tolling or equate equitable tolling with statutory tolling. *See id.* Equitable tolling is apart from statutory tolling and has its own elements. *See Little v. Baigas*, 2017-NMCA-027, ¶ 12, 390 P.3d 201 (explaining that equitable tolling involves two elements: (1) diligent pursuit of rights, and (2) extraordinary circumstances that stood in the way of the diligent pursuit of rights). As a result, Plaintiff had an obligation to, but did not, invoke a ruling from the district court to preserve the issue of equitable tolling for our review. *See* Rule 12-321(A) NMRA; *Yurcic v. City of Gallup*, 2013-NMCA-039, ¶¶ 35-36, 298 P.3d 500 (requiring that the plaintiff preserve the question whether equitable estoppel tolled the statute of limitations in order for this Court to address the issue on appeal).

**CONCLUSION**

**{15}**    We affirm.

**{16}** IT IS SO ORDERED.

**BRUCE D. BLACK, Judge Pro Tem**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**